UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beth Ann Goldfarb, ) | Civil Action No. 8:21-cv-00885-TLW-JDA |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| v. ) | |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review related to a decision for an application for Supplemental Security Income ("SSI").[1]  [Doc. 1-1 at 2.]  Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the undersigned Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the District Court.  For the reasons set forth below, the undersigned recommends that this action be transferred to the United States District Court for the Middle District of Florida.

## BACKGROUND

Plaintiff commenced this action by filing a Complaint in this Court on March 22, 2021, apparently to seek review from this Court of the Commissioner's decision regarding

---

[1]Section 1383(c)(3) provides, "The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."  42 U.S.C. § 1383(c)(3).

her application for SSI.[2]  [Doc. 1; *see* Doc. 1-2 at 2.]  However, Plaintiff did not complete the Complaint form, and she presented no allegations or information related to her claim in her initial filing.  [Doc. 1.]  The undersigned conducted an initial review of this action and concluded that the case was not in proper form for service.  Accordingly, by Orders dated March 31, April 20, and May 20, 2021, Plaintiff was directed to bring the case into proper form in accordance with *General Order In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007), and she was specifically instructed to fully complete the standard Complaint form.  [Docs. 5; 13; 24.]  Plaintiff has complied with the Court's Orders and this case is now substantially in proper form.  The Court has received Plaintiff's completed Complaint form as well as additional documents related to her claim.  [Docs. 1-1; 1-2; 1-3.]

## ANALYSIS

The Social Security Act (the "Act") authorizes judicial review of adverse decisions rendered by the Commissioner.  42 U.S.C. § 405(g).  The United States Supreme Court has enumerated three requirements for judicial review pursuant to § 405(g):

> (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business.

*Weinberger v. Salfi*, 422 U.S. 749, 763–64 (1975).  As to the third requirement, § 405(g) of the Act provides that a plaintiff shall bring an action against the Commissioner "in the

---

[2]It appears that Plaintiff was awarded benefits but with a different onset of disability date than she listed in the application.  [*See* Doc. 1-1 at 2.]

district court of the United States for the judicial district in which the plaintiff resides." 42 U.S.C. § 405(g).  Further, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").

The undersigned concludes that this action should be transferred to the Middle District of Florida.  When Plaintiff commenced this action, she indicated that she resided in Summerville, South Carolina.  [Doc. 1 at 2.]  However, Plaintiff also listed an address in Vero Beach, Florida in her initial filing.  [*Id*. at 12.]  Thus, it was unclear to the Court where Plaintiff actually resided.  Then, prior to filing her completed Complaint form, Plaintiff notified the Court that she had moved to West Melbourne, Florida.  [Doc. 10 at 3.]  In her notice of change of address, Plaintiff stated that she is from Connecticut and has "been living in hotels and extended stay locations since September 11, 2020" and has had to sleep in her car for a couple of days due to her financial situation.  [*Id*. at 1.]  Plaintiff further stated that she has had difficulty receiving mail due to her frequent moving and the COVID-19 pandemic.  [*Id*. at 1–2.]  Plaintiff has also indicated that she is having difficulty finding an attorney to represent her in this action.  [Doc. 20 at 1.]  Further, as a result of the issues noted above, Plaintiff has requested numerous extensions of time to provide the Court the necessary documents and information to bring the case into proper form.  [Docs. 11; 20; 26.]

3

Given the difficulties Plaintiff has experienced in litigating her case, the undersigned finds that it is in the interests of justice and convenience of the parties to transfer the case to the judicial district in which Plaintiff now resides, which is the Middle District of Florida.[3] Although this case was opened in March 2021, the Court has not authorized service of process on the Commissioner, as the Court did not receive Plaintiff's completed Complaint until July 6, 2021.[4] Additionally, should the Court find it necessary to hold a hearing in this case, it would be more convenient for Plaintiff to appear in the Middle District of Florida. *See Duncan v. Colvin*, No. 1:14-cv2621-MGL, 2015 WL 3649598, at *2 (D.S.C. June 11, 2015). A transfer of venue to the Middle District of Florida is also in the interest of justice because it is the appropriate venue for this action under the provisions of 42 U.S.C. § 405(g) as it is the judicial district in which Plaintiff resides. Accordingly, the undersigned recommends the Court transfer the case to the Middle District of Florida. *See Pettigrew v. Colvin*, No. 6:16-cv-2369-BHH-KFM, 2017 WL 639244, at *1 (D.S.C. Jan. 24, 2017), *Report and Recommendation adopted by* 2017 WL 633819 (D.S.C. Feb. 16, 2017).

---

[3] "Transfer for lack of venue can be considered sua sponte." *Latimer v. Soc. Sec. Admin.*, No. 3:20-cv-627-RJC, 2021 WL 641382, at *1 (W.D.N.C. Jan. 15, 2021).

[4] Although the Court has not authorized service on the Commissioner, the undersigned notes that the Commissioner filed an Answer and certified record on July 9, 2021. [Doc. 31.]

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based on the foregoing, it is recommended that the Court transfer this action to the United States District Court for the Middle District of Florida.

**IT IS SO RECOMMENDED**.

                                                s/Jacquelyn D. Austin
                                                United States Magistrate Judge

July 12, 2021
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).